UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2010 NOV 29 PH 12: 12

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

-------------------------------------------------------------X

SONIA RAMOS,

                        Plaintiff,

       -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE DETECTIVE DANIEL BONILLA,
SHIELD # 1380, AND N.Y.C. POLICE
OFFICER "JOHN DOE(1)-(4)", EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                 Defendants.

-------------------------------------------------------------X

VERIFIED
COMPLAINT
AND DEMAND FOR
JURY TRIAL

CV 10-5483

DEARIE, CH. J.

J. ORENSTEIN, M.J.

1.    This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.    Plaintiff is a resident of the City of New York, Kings County, in the State of New York.

4.    At all times hereinafter mentioned, the Defendant officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment.

5.    They are being sued individually and in their official capacity as New York City Police Officers.

6. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the Defendant New York City Police Department and employed the individual Defendants sued herein.

7. That upon information and belief the City was responsible for the training of its police officers.

8. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

9. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the plaintiffs.

FACTS

**FIRST INCIDENT**

10. On or about July 11, 2008 plaintiff was in her apartment at 350 Chauncey Street, Apt. 3B, in Brooklyn, New York where she has lived for over twenty years.

11. At the time, plaintiff was fifty-one years old, with no criminal record, and was in her apartment recovering from a mini-stroke that had left her partially paralyzed.

12. On that morning, New York City police officers broke down her door without warning, yelling, "Where's the guns? Where's the cocaine?" They found no guns or drugs, but proceeded to arrest her without probable cause for sale and possession of marijuana.

13. On that date, plaintiff neither sold nor possessed marijuana. Nor was marijuana found in her apartment.

14. On July 12, 2008, plaintiff consented to a Marijuana Adjournment in Contemplation of Dismissal ("ACD"), pursuant to CPL 170.56 and CPL 210.46.

15. One year later, all charges were dismissed against plaintiff.

2

**SECOND INCIDENT**

16.     On November 22, 2008, plaintiff was again arrested, accused by N.Y.P.D. Detective Daniel Bonilla of committing a robbery, although the officer lacked probable cause to arrest her.

17.     The detective claimed that he was informed by a complainant that plaintiff did rob and attack him with a knife at his apartment located at 817 Hicks Street, Apt. 1C, on November 4, 2008 at approximately 6:20 A.M.

18.     Apparently, the complainant told the officer that he knew the attacker from the neighborhood and provided a name, possibly Sonia Ramos, and a description.

19.     It is alleged that the detective then conducted an utterly reckless investigation, which led to the detective showing the complainant a photo of plaintiff on November 22, 2008, without utilizing any reasonable safeguards to prevent the misidentification of plaintiff as the assailant.

20.     Under the circumstances, it was reckless of the detective to conduct a "confirmatory identification procedure", as opposed to putting plaintiff in a lineup.

21.     At the time the detective conducted the unduly suggestive procedure, he had no reason to believe that plaintiff was from the complainant's neighborhood, as the plaintiff does not live nearby, nor had anyone ever seen her in the neighborhood before.

22.     Moreover, the plaintiff did not remotely fit the description that the complainant had provided to the police.

23.     The only basis for even suspecting plaintiff was that she had the same first name as that provided by the complainant.

24.     In the original complaint, the assailant was described as a female Hispanic in her 40's, approximately 5 ft. tall, weighing 180 pounds.

25.     In fact, Ms. Ramos was 52 years old at the time of her arrest, standing 5'2" tall, and weighed 145 pounds.

3

26. While the descriptions are arguably close enough to warrant further investigation, the appropriate thing for the detective to do was place plaintiff in a lineup, not merely show the complainant a photograph three weeks after the incident.

27. It is further alleged that the detective may have taken additional measures to improper suggest to the complainant that the person in the photograph was the perpetrator.

28. As a consequence of this investigation, which was conducted with deliberate indifference to the rights of plaintiff, she was arrested and subsequently indicted by a grand jury (Dkt. # 2008KN087532; Indictment # 11770-2008).

29. It was not until plaintiff took and passed a lie detector test given the prosecutor's office that the case was dismissed at the request of the district attorney's office.

30. On December 15, 2009, all criminal charges were dismissed against plaintiff.

31. All of the paperwork prepared regarding these false charges was prepared by defendant officer. The defendant officers included in their paperwork material misstatements of fact which they knew to be false.

32. As a result of Plaintiffs' false arrest, violation of his right to privacy, Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and economic injuries.

33. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to prevent the exercise of such tendencies.

4

34. Defendants City and N.Y.P.D. knew or should have known that prior to the arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of defendant officers was occurring, in that there were reports of such unlawful conduct by these specific officers.

35. Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

### FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS
(July 11, 2008 arrest)

36. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

30. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of her right to freedom from the deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

31. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard as to whether Plaintiff's rights would be violated by their actions.

32. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

### FOR A SECOND CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS
(November 22, 2008 arrest)

33. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs

5

as if stated fully herein.

34. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of her right to freedom from the deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

35. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard as to whether Plaintiff's rights would be violated by their actions.

36. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

FOR A THIRD CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS
(July 11, 2008 arrest)

37. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

38. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

39. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

6

FOR A FOURTH CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS
(November 22, 2008)

40.    Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

41. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

42. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

AS AND FOR A FIFTH CAUSE OF ACTION
FOR VIOLATION OF RIGHT TO PRIVACY
(July 11, 2008 arrest)

43. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

44.    Defendants denied the plaintiff's right to be secure in her home in that they entered her home without a warrant or other lawful basis to do so, in violation of her right to privacy in violation of the 4th Amendment of the United States Constitution.

45.    As a direct and proximate result of the acts of Defendants, plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of her liberty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:      New York, New York
            November 22, 2010

RESPECTFULLY

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

8

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
November 22, 2010

_____
STEVEN A. HOFFNER, Esq.

9